**4**

MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California  93721
Telephone:  (559) 487-5002
Telecopier:  (559) 487-5030

Attorneys for Plaintiff, August B. Landis,
        Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>IGNACIO ROSALES,<br><br>                    Debtor. | Case No. 12-15291-B-13<br>Chapter 13 |
| AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>                    Plaintiff,<br>v.<br><br>IGNACIO ROSALES,<br><br>                    Defendant. | A.P. No. 12–1115-B<br><br><br>Date: September 5, 2012<br>Time: 1:00 p.m.<br>Place: United States Bankruptcy Court<br>        1300 18th Street, Suite A<br>        Bakersfield, CA<br>Judge: W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING UNITED STATES TRUSTEE'S COMPLAINT TO (1) TO DISMISS CHAPTER 13 CASE WITH PREJUDICE AND (2) TO ENJOIN DEBTOR FROM FILING BANKRUPTCY FOR TWO YEARS**

On September 5, 2012, the Court's Status Conference came on for hearing on the United States Trustee's Complaint to (1) to Dismiss Chapter 13 Case with Prejudice and (2) to Enjoin Debtors from Filing Bankruptcy for Two Years.  Robin Tubesing, Esq. appeared for

- 1 -

RECEIVED
September 17, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004442584

the United States Trustee. Having entered the default of the Defendant and based on well-pleaded facts, the Court now issues the following findings of fact and conclusions of law.

### Finding of Facts

1. Ignacio Rosales ("Defendant") filed the above-referenced case ("the Current Case") in the Fresno Division on June 13, 2012.

2. On page 2 of the Petition, under Prior Bankruptcy Case Filed Within the Last 8 Years, Defendant listed 3 prior bankruptcy cases.

3. In fact, Defendant filed 4 other bankruptcy cases in the 8 years prior to the Current Case: 11-11486-B-13 ("Case No. 1"), 11-16583-A-13 ("Case No. 2"), 11-60054-B-13 ("Case No. 3"), and 12-12663-A-13 ("Case No. 4), all in the Fresno Division.

4. Case No. 1 was filed on February 9, 2011 and dismissed on February 28, 2011 for failure to file documents.

5. Case No. 2 was filed on June 8, 2011 and dismissed June 21, 2011 for failure to file documents.

6. Case No. 3 was filed on September 7, 2011 and dismissed on September 29, 2011 for failure to file documents.

7. Case No. 4 was filed on March 27, 2012 and dismissed ono April 9, 2012 for failure to file documents.

8. The Defendant was ordered to file missing documents in the Current Case by June 27, 2012. He has failed to do so.

9. The Defendant has not paid the full filing fee in any of the cases.

### Conclusions of Law

10. Under 11 U.S.C. §§ 349(a) and 1307(c), the court may dismiss a case with prejudice to the discharge of existing debts on grounds of bad faith, which includes, but is not limited to (a) misrepresentation of facts in the petition or plan, (b) unfair manipulation of the Bankruptcy Code, (c) the debtor's history of filings and dismissals, and (d) timing petitions to frustrate state court actions.

11.  Defendant's serial filings constitutes bad faith and warrants dismissal of the Current Case with prejudice.

12.  Defendant is a serial bankruptcy filer who has abused the bankruptcy system since February 2011.

13.  In the last 16 months, the court has dismissed 4 previous cases filed by the Defendant.

14.  Defendant's pattern of successive filings is evidence of his willful failure to prosecute his cases and abide by the Bankruptcy Code and Rules.

15.  Defendant's sole purpose in filing his successive cases appears to be to invoke the automatic stay to hinder and delay his creditors.

16.  Defendant's behavior constitutes abuse of the bankruptcy system, and without an order barring refiling, Defendant's creditors are at risk of further serial filings and abuse.

17.  Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose an 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

18.  However, a 180-day bar is insufficient to protect Defendant's creditors from defendant who has been in bankruptcy since February 9, 2011 without any payment to his creditors.

19.  Plaintiff has no adequate remedy at law.  Defendant's actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm. Defendant will continue to abuse the bankruptcy process unless this court issues an injunction barring him from filing another bankruptcy case for two years.

### Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

The case shall be dismissed with prejudice to the discharge of debts of the Defendant existing when this case was filed and the Defendant shall be barred from filing another bankruptcy petition within two years from the date of the dismissal, without leave of court.

A separate order shall be entered.

Dated:

Dated: Sep 18, 2012

_____
W. Richard Lee
United States Bankruptcy Judge

Efiled by Mark L. Pope
Direct Phone: (559)487-5002 Ext. 240
Email: Mark.Pope@usdoj.gov